**Dorothy J. ELLIS, Plaintiff,**

v.

**UNITED STATES of America, and Eugenia V. Ellis, a Minor, by and through her Guardian Ad Litem, Michael Shores, Defendants.**

No. 64–202–Civil.

United States District Court
S. D. Florida,
Miami Division.

Sept. 7, 1965.

Kelly, Brooks & Ropes, Coral Gables, Fla., for plaintiff.

Ward & Ward, Miami, Fla., for defendant and counterclaimant, Patricia Semple Bunnell.

Michael Shores, Miami, Fla., for defendant minor, Eugenia V. Ellis.

William A. Meadows, Jr., U. S. Atty., for the Southern Dist. of Fla., for the United States.

FULTON, District Judge.

This cause was heard at 2:00 P. M., on September 2, 1965, in open Court on the motion of the defendant-counterclaimant, Patricia Semple Bunnell, for a summary judgment or decree, which, among other things, set forth that the record, which included the pleadings and admissions in the pleadings, the stipulation of facts in the pretrial stipulation and the consideration of the various exhibits, including the findings of fact and determina-

tions of law in the various Veterans Administration proceedings, conclusively showed that there were no material facts in dispute.

All counsel representing the respective parties were before the Court, including Michael Shores, who had been appointed as Guardian ad Litem for the minor child, Eugenia V. Ellis.

The United States of America has admitted liability on the National Service Life Insurance policy issued to Gene G. Ellis, now deceased, so that the only issue to be determined was whether Patricia Semple Bunnell, the party named as the beneficiary in the said policy, was entitled to the proceeds of said policy or whether Dorothy J. Ellis, the plaintiff, or Eugenia V. Ellis, a minor, was entitled to the proceeds of said policy.

Proceedings had been brought by the plaintiff, Dorothy J. Ellis, with the Veterans Administration Regional Office, St. Petersburg, Florida, on May 22, 1963, case No. XC 16 835 241, as a result of which considerable testimony was taken and a decision was rendered holding that there had been no sufficient showing that the veteran, the insured, had changed the beneficiary from Patricia Semple Bunnell, as she is now known, to any other person. After an analysis of all of the factual matters produced either in person or by admissible affidavits under the procedure of the Veterans Administration, the Administrator determined that Patricia S. Bunnell, also known as Patricia Semple Bunnell, was entitled to the entire proceeds of the National Service Life Insurance policy on the life of Gene G. Ellis, deceased. In this opinion it is set forth that since it was undisputed that Patricia S. Bunnell was the latest designated beneficiary of record, it was difficult to overcome that factor in the absence of strong evidence to show that the veteran affirmatively attempted to change such designation. The decision stated that although there were certain sworn statements filed by several people who were in the majority disinterested, nevertheless none of the individuals actually witnessed any overt act on the part of the insured to make a change in his beneficiary from Patricia A. Ellis (Bunnell) to his now widow, Dorothy J. Ellis. The administrator in that first decision laid stress upon the fact that Gene G. Ellis had demonstrated in the past that he was fully aware of the requirements for changing his beneficiary since he had done so on several other occasions, and determined that under the evidence as submitted it could not be said that he, the said Ellis, failed to change his designation because of misunderstanding or lack of knowledge. An appeal was taken before the Board of Veterans Appeals, Docket No. 63–07 603, and an opinion, an analysis of the issues and evidence, an analysis of the law and regulations and conclusions of law and decision were all again fully set forth in the opinion which was issued in Washington, D. C. on July 22, 1963. The Board of Veterans Appeals affirmed the findings of fact and the conclusions of law and affirmed the actions of the prior proceeding before the Administrator. The typewritten copies of all of the proceedings before the Veterans Administration and the Board of Veterans Appeals were made a part of the agreed stipulation of facts in the pretrial stipulation. All other material records and facts were all stipulated in the pretrial stipulation.

In the pretrial stipulation with reference to designation of witnesses, on page 3 designated as witnesses to be called at the trial, if one was to be held, the following: Patricia Semple Bunnell, Opal P. Pena, Dorothy J. Ellis, Norman Gherardini and John I. Markham. From an examination of the proceedings before the Veterans Administration it appeared that all of these witnesses were either parties to the proceeding or had presented their evidence in affidavit form, which had been accepted and commented on in detail by the two proceedings before the Veterans Administration.

Certain decisions and opinions by the United States Court of Appeals for the Fifth Circuit, as well as decisions from other jurisdictions, had been submitted

as a part of the motion for summary judgment by the defendant-counterclaimant, Patricia Semple Bunnell. When carefully considered these decisions support the findings of the Board of Veterans Appeals, copies of which are made a part of the stipulated record, with this pertinent statement:

"The regulations of the Veterans Administration (38 C.F.R. 8.43) provide that a change of beneficiary shall be made in writing, signed by the insured and forwarded to the Veterans Administration by the insured or his agent. It has been held in some cases that a strict compliance with this regulation should not be required if the evidence shows that the insured intended to change the beneficiary of his policy and took some affirmative action which he considered sufficient to effectuate his intent."

This Court therefore finds and so determines that taking all of the evidence as reflected in the proceedings, or which could be offered by the five named witnesses, there is no testimony to show that there was anything in writing signed by the insured indicating that he had made a change in the beneficiary designation or that he desired to make such a change. The Board of Veterans Appeals specifically found (see page 3 of its opinion):

"None of the witnesses whose statements have been submitted by the appellant avers that he saw the insured execute a change in the beneficiary designation or that he saw such a change being forwarded to the Veterans Administration."

The attorney for the plaintiff filed a technical objection that the motion for summary judgment had been filed on August 25, 1965 and that the hearing on September 2, 1965 did not afford him the full ten days between the time of the filing of the motion and the actual date of the hearing. The Court in the hearing in open Court then requested the attorney for the plaintiff to state whether he desired to file any additional evidence or whether he had any change

he could submit, and the Court offered to give the attorney for the plaintiff additional time if he had such additional evidence to offer in affidavit form or otherwise. The attorney for the plaintiff stated that he had no other evidence and had no other witnesses and that he was relying upon the case of Hawkins v. Hawkins (U.S.C.A. 5), 271 F.2d 870.

 The Court has studied and given full effect to that decision, but finds that the facts in that particular case presented a different issue and that that decision based upon those facts is not applicable to the case at bar. This Court, therefore, determines and finds that the mere statements in this particular case, all oral, that a change has been made is not sufficient unless followed by appropriate affirmative action and that there must be an overt act of some kind. It may be true that the sufficiency of the overt act, where not complete in itself, may be partially judged by the clarity and positiveness of the proof of intent, but such is not the case herein.

Giving full effect to the evidence which could be judged in favor of the position of the plaintiff, it is apparent that the mere hearsay statements which are not too clear in themselves, with no testimony as to any affirmative act by the insured, could not be any legal basis for this Court to find that there has been a sufficient burden of proof met by the plaintiff. There is no inference shown in the entire record of any affirmative act of any kind, or any affirmative act by the insured with the Veterans Administration, to carry out any intent, if any he had. There is no issue in this case as to whether a partial affirmative action had been taken by the insured which in itself could be colored or strengthened by any clarity or positiveness of the proof of intent.

This Court, therefore, approves and confirms the findings of the factual and legal conclusions of the Veterans Administration and the Board of Veterans Appeals and finds and holds that there is no basis to the claim that there are any disputed material facts upon which this

Court in a trial without a jury, or this Court in a trial with a jury, could sustain any claim of the plaintiff.

At this hearing the Guardian ad Litem, Michael Shores, stated in open Court that while on behalf of the minor, Eugenia V. Ellis, he had originally filed a claim or made the contention in his pleadings that there had been a written and proper designation of change of beneficiary and that the papers had been lost by the Veterans Administration, yet after he had made a thorough investigation he could not find and, therefore, did not intend to offer any evidence in support of that contention.

■ It is, therefore, considered, ordered and adjudged that the motion for summary judgment filed by the defendant-counterclaimant, Patricia Semple Bunnell, be and the same is hereby granted, and that the said Patricia Semple Bunnell is hereby adjudged to be entitled to the full proceeds of the said insurance policy in question. It is further ordered and adjudged that the claim of the plaintiff, Dorothy J. Ellis, as well as the claim of the Guardian ad Litem on behalf of the minor child, Eugenia V. Ellis, be and the same are hereby denied.

The United States of America is hereby ordered and directed to pay the full proceeds of the said insurance policy to the defendant-counterclaimant, Patricia Semple Bunnell.

In some of the preliminary pleadings the plaintiff, as well as the defendant-counterclaimant, Patricia Semple Bunnell, stated that subject to the rulings of the Court they were both willing to have some of the funds received from the said insurance policy set up in certain collateral trust agreements. However, the Court finds that is not a matter within the purview or jurisdiction of this Court and is not a proper part of any jurisdictional procedure over which this Court would have jurisdiction. The defendant-counterclaimant, Patricia Semple Bunnell, is entitled to the full proceeds and she may make whatever disposition of the proceeds which she desires, whether in trust or otherwise, but without direction or supervision by this Court. Any costs in this case, if any there be, are hereby taxed against the plaintiff.

Counsel for the said defendant-counterclaimant, Patricia Semple Bunnell, stated that he or his associate counsel are making no claim for any award for costs or attorneys' fees from the proceeds of the said insurance policy and, therefore, none are awarded.